■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SHAFTER PORTER, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated January 24, 1963, which denied without a hearing his application to vacate a judgment of the former County Court, Kings County, rendered May 22, 1956 on his plea of guilty, convicting him of murder in the second degree and imposing sentence. Defendant based his application on the ground that on the date of sentence he was suffering from the effects of an epileptic attack which rendered him incapable of comprehending the nature of the proceedings. Order affirmed. No opinion. Beldock, P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. OLLIE FREEMAN UPSON, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Queens County, dated May 13, 1963, which denied without a hearing his application to vacate a judgment of said court, rendered November 16, 1962 on his plea of guilty, convicting him of robbery in the third degree, and imposing sentence. Order affirmed. The application is predicated upon the claim that illegally seized evidence was presented to the Grand Jury which returned the indictment. Defendant, prior to the judgment of conviction, did not move to suppress the illegal evidence, but instead pleaded guilty to the indictment. Nor did defendant appeal from the judgment of conviction. Under the circumstances, on this application he may not raise the question of the admissibility of the evidence (*People* v. *Caminito*, 3 N Y 2d 596, 601; *People* v. *Zito*, 18 A D 2d 668; *People* v. *Anderson*, 8 A D 2d 731). Moreover, the remedy of *coram nobis* is not available as a substitute for an appeal (*People* v. *Zito, supra*; *People* v. *De Groat*, 13 A D 2d 557; *People* v. *Morrison*, 14 A D 2d 887). Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.